IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| ELAINE WALKER,                | CV-06-43-BLG-CSO |
|---|---|
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

Pending before the Court are:

(1) Plaintiff Elaine Walker's ("Walker") Amended Motion to Compel Discovery (*Court's Doc. No. 26*); and

(2) Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Protective Order (*Court's Doc. No. 33*).

On January 22, 2007, upon the parties' written consent, this case was assigned to the undersigned for all purposes.  See *Court's Doc. No. 23*.  Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court is prepared to rule.

**I.   BACKGROUND**[1]

On January 10, 2006, Walker served her first set of written discovery upon Wal-Mart, including Interrogatory No. 4, which asked:

> INTERROGATORY NO. 4: Please list any and all lawsuits that have been filed against the Defendant and/or any of the manufacturers, designers and/or producers of the "automatic shopping cart pusher." Please list the date of the lawsuit, where it was filed, the damages complained of and the resulting judgment of each lawsuit filed against any of the individual(s) or entities above.

See *Walker's Brief* at Ex. 1, pg. 5. On March 10, 2006, Wal-Mart responded, stating in pertinent part:

> ANSWER: This Interrogatory is objected to on several bases. . . . With respect to the remainder of the Interrogatory, it is objected to on the basis that it is overbroad and burdensome as written as it has no limitation as to time and scope. Defendant objects to providing lawsuits concerning stores other than the store involved in this case and for any time period other than the 3 years prior to Plaintiff's accident. Accidents after Plaintiff's accident and accidents from other stores are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Accidents more than 3 years prior to Plaintiff's accident are too remote in time to be relevant or lead to the discovery of admissible evidence. Therefore, based upon these objections, Defendant agrees to provide a listing of lawsuits filed at the Billings West End store for the 3 years prior to the Plaintiff's accident in which it was alleged that a customer was injured by a

---

[1] The procedural and factual background of this case are thoroughly detailed in the record. This summary is intended only to provide a basic background on the relevant facts for the issues addressed herein.

>  shopping cart.  There were no other lawsuits
>  involving a shopping cart other than this suit.
>  See attached.

Id. at pgs. 5-6.

Based upon Wal-Mart's objections, the parties attempted to resolve their dispute.  Narrowing the scope of her requests, Walker served her second discovery requests, which included Interrogatory No. 14 and Request for Production No. 8:

> INTERROGATORY NO. 14: As to all lawsuits filed
> anywhere in the United States in the past ten (10)
> years against Wal-Mart based upon a claim that the
> plaintiff was injured as a result of being hit by
> an automatic cart retriever, please state: (a) the
> name of the plaintiff; (b) the name of the
> plaintiff's attorney; (c) the court in which the
> lawsuit was filed (including cause number and
> other identifiers); (d) the substance of the
> allegations; (e) whether Wal-Mart admitted
> liability, and if so, when; (f) whether Wal-Mart
> asserted contributory negligence, and if so, when;
> and (g) the result of the lawsuit, including the
> monetary terms of any settlement agreement.
>
> REQUEST FOR PRODUCTION NO. 8: Please produce
> copies of all complaints filed anywhere in the
> United States in the past ten (10) years against
> Wal-Mart based upon a claim that the plaintiff was
> injured as a result of being hit by an automatic
> cart retriever.

Id. at Ex. 2, pgs. 3-4.  Wal-Mart again objected, stating:

> ANSWER: This Interrogatory is objected to for
> several reasons.  First, the entire request is
> overbroad and burdensome and the burden of
> obtaining the information outweighs any relevance
> that it may have to this case.  The time period of
> 10 years is not reasonable and is overbroad and
> burdensome.  A nationwide search for other
> lawsuits is not reasonable and is overbroad and
> burdensome.  Any lawsuits after the Plaintiff's
> accident are not relevant nor reasonably

>    calculated to lead to the discovery of admissible
>    evidence.  The entire Interrogatory is objected to
>    on the basis that the information sought is not
>    relevant nor reasonably calculated to lead to the
>    discovery of admissible evidence.
>        The Requests in subpart (e) and (f) are not
>    relevant nor reasonably calculated to lead to the
>    discovery of admissible evidence.
>        The requests in subpart (g) may be subject to
>    confidentiality agreements and Orders and are not
>    discoverable and are not relevant nor reasonably
>    calculated to lead to the discovery of admissible
>    evidence. . . .
>
>    RESPONSE: This Request for Production of Documents
>    is objected to for several reasons.  First, the
>    entire request is overbroad and burdensome and the
>    burden of obtaining the information outweighs any
>    relevance that it may have to this case.  The time
>    period of 10 years is not reasonable and is
>    overbroad and burdensome.  A nationwide search for
>    other lawsuits is not reasonable and is overbroad
>    and burdensome.  Any lawsuits after the
>    Plaintiff's accident are not relevant nor
>    reasonably calculated to lead to the discovery of
>    admissible evidence.  The entire Request for
>    Production is objected to on the basis that the
>    information sought is not relevant nor reasonably
>    calculated to lead to the discovery of admissible
>    evidence.  The Request is objected to on the basis
>    and to the extent that the information is publicly
>    available and equally accessible to the Plaintiff.

Id. at pgs. 4-5.

Once again, the parties attempted to resolve their disputes. Walker narrowed the scope of her request in a letter to Wal-Mart. Wal-Mart responded on December 14, 2006, and supplemented its discovery responses by including information gained from a search regarding other lawsuits in six states surrounding Montana for a period of three years.  Id. at Ex. 3, pg. 1.  Wal-Mart's information revealed one lawsuit involving an electric cart

-4-

pusher in the past three years.  Wal-Mart also indicated that it would be willing to extend this search to "five years for the states surrounding Montana on a compromise basis[.]"  Id.  According to Wal-Mart, Walker "still was not satisfied but [Walker] did agree to reduce her demand to five years of past claims and lawsuits rather than the information in the Interrogatory and would accept Wal-Mart turning over its incident reports to [Walker]."  *Wal-Mart's Response Brief* at 5.  Wal-Mart indicated that it could not agree to Walker's suggestion.  Thus, this motion was filed.

## II. PARTIES' ARGUMENTS

Pursuant to Rule 37(a)(2)[2], Walker moves the Court to compel discovery, and specifically require Wal-Mart to answer "fully and completely Interrogatory Nos. 4 and 14 and Request for Production No. 8."  *Plf.'s Amend. Mot. to Compel Discovery* at 1.  She contends that the discovery sought is "highly relevant given her request for punitive damages against Wal-Mart in this matter."  *Plf.'s Brief in Support of Mot. to Compel* (hereafter "*Walker's Brief*") at 5.  Walker argues that in order for her to sustain her burden of proof she needs to demonstrate that Wal-Mart knew of customers being injured under similar circumstances.  Id. at 6.  Further, she asserts that the requested discovery is not unduly

---

[2] All references to Rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

burdensome.  Id. at 8-9.  Walker contends that even if the request is burdensome, "the burden is outweighed by [her] need for the requested discovery."  Id. at 9.  Finally, Walker asks that she be awarded attorney's fees and costs associated with bringing her motion.  Id. at 9-11.

Wal-Mart responds by arguing that Walker's motion should be denied and its objections to her discovery requests should be sustained.  *Brief in Opposition to Plf.'s Mot. to Compel* (hereafter "*Wal-Mart's Response Brief*") at 1-2.  First, Wal-Mart contends that complying with Walker's discovery requests would impose an unreasonable burden on Wal-Mart.  Id. at 8-10.  Second, Wal-Mart asserts that Walker has failed to demonstrate the relevance and need for a nationwide search of other claims and lawsuits.  It argues that the benefit to Walker is outweighed by the burden imposed upon Wal-Mart.  Id. at 10-15.  Finally, Wal-Mart asserts that Walker should not be entitled to attorney's fees and costs for bringing her motion.  Id. at 15-17.

In addition, Wal-Mart has filed a motion for protective order asking the Court to preclude any additional discovery concerning other accidents involving electric cart pushers.  Id. at 2; see also *Court's Doc. Nos. 33 & 34*.  Wal-Mart seeks its Protective Order to "protect it from the unreasonable burden of a nationwide search for other accidents involving electric cart pushers."  *Brief in Support of Mot. for Protective Order*

(hereafter "*Wal-Mart's Brief*") at 2.

**III. DISCUSSION**

    **A.    WALKER'S MOTION TO COMPEL**

        **1.    Standard of Review**

The Court has wide discretion in controlling discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); see also Adams v. State of Cal. Dept. of Health Services, 2007 WL 446582, *2 (9th Cir. 2007) (holding that "[d]istrict courts retain broad discretion to control their dockets"). Pre-trial discovery is ordinarily "accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

If no claim of privilege applies, the production of evidence can be compelled regarding any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." See Fed. R. Civ. P. 26(b)(1). "This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence,'" and "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993) (quoting U.S. v. Bryan, 339 U.S. 323, 331 (1950)). The Court can limit discovery requests if it finds that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in

controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii).

### 2. **Analysis**

#### a. **Relevancy**

First, Wal-Mart objects to Walker's discovery requests based on relevancy. It states that Walker's requests were "not relevant nor reasonably calculated to lead to the discovery of admissible evidence." See *Walker's Brief* at Ex. 1, pgs. 5-6; Ex. 2, pgs. 4-5.

In her motion to compel, Walker argues that the discovery she seeks is highly relevant to her claim for punitive damages because it concerns "other incident of customers and/or employees being injured by shopping carts at Wal-Mart stores." *Walker's Brief* at 6. Walker asserts that this evidence is pertinent to her duty to establish foreseeability. Id. She contends that "based upon her claim for punitive damages, [she] is obligated to prove that the injuries which she suffered were foreseeable to Wal-Mart. Prior, similar incidents at Wal-Mart stores goes to the heart of proving foreseeability." *Walker's Reply Brief* at 2.

Wal-Mart argues that Walker does not need to demonstrate knowledge of other accidents to support her claim of negligence. *Wal-Mart's Response Brief* at 10. It contends that Walker has

offered no basis that the requested information will support her claim for punitive damages.  Id.  Further, Wal-Mart asserts that it has already provided Walker information which refutes her punitive damage claim.  Id. at 10-11.  Wal-Mart contends that Walker is "fishing for information" to support her punitive damage claim.

"Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'"  Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005) (quoting Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)).  Courts have broad discretion in determining relevancy for discovery purposes.  Id. (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)).

The Court finds that Walker has shown good cause that the information requested is relevant to her case.  See Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992) (finding that "[s]ome threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case").  Walker has brought a punitive damage claim against Wal-Mart.  See *Walker's Compl.* at ¶ 8.  The information requested by Walker is probative of whether Wal-Mart had knowledge of or intentionally disregarded facts that created

a high probability of injury to Walker and deliberately proceeded to act in conscious or intentional disregard or with indifference to the high probability of injury to Walker.  See *Mont. Code Ann.* § 27-1-221.  The relevance of such requested information outweighs the burden imposed on Wal-Mart.

The Court, however, does not believe that Walker's request for information regarding incidents that post-date Walker's incident or the "monetary terms of any settlement agreement" is relevant.  See *Walker's Brief* at Ex. 2, pg. 4 (Interrogatory No. 14).  Walker does not argue that this information goes to "the heart of proving forseeability."  See *Walker's Reply Brief* at 2.  It is not probative to her punitive damage claim, nor is it reasonably calculated to lead to the discovery of admissible evidence.  Surfvivor, 406 F.3d at 635.  Accordingly, Wal-Mart will not be required to produce this discovery.

### b.   Unduly Burdensome

Wal-Mart also objected to Walker's discovery requests contending that they were "overbroad and burdensome[.]"  See *Walker's Brief* at Ex. 1, pg. 5; Ex. 2, pgs. 4-5.  It argues that the extensive time period and nationwide scope is not reasonable. Id.

Walker argues in her motion that the burden to Wal-Mart is outweighed by her need for the requested discovery.  *Walker's Brief* at 9.  Wal-Mart asserts that to comply with Walker's

-10-

requests would impose an unreasonable burden on Wal-Mart. *Wal-Mart's Response Brief* at 8-10. Relying on the affidavit of Crystal Johnson ("Johnson"), a Senior Predictive Analyst, Wal-Mart argues that searching for incidents regarding cart injuries "would take many employees working over several months at a cost of between $35,860 and $71,720 to respond to the discovery requests for a period of five years prior to [Walker's] accident." Id. at 9; see also *Feb. 22, 2007, Aff. Crystal Johnson* at ¶ 13. Johnson indicates that Wal-Mart would have to search for claims on all carts because there "is no code to identify claims involving electric cart pushers for the time period here at issue." Id. at ¶ 4.

The responding party has the burden of demonstrating not only "undue burden or expense," but also that the burden or expense is "unreasonable in light of the benefits to be secured from the discovery." Fears v. Wal-Mart, Inc., 2000 WL 1679418, *2 (D. Kan. 2000) (citations omitted); see also Eggleston v. Wal-Mart Stores East, LP, 2006 WL 585152, *2 (E.D. Va. 2006). Thus, Wal-Mart must demonstrate that the hardship would be undue and disproportionate to the benefits Walker would gain from the information. Id.

Johnson's affidavit states that Wal-Mart would be unduly burdened if the Court orders a nationwide search for claims and lawsuits involving electric cart pushers for a five year period.

-11-

See *Johnson Aff.* at ¶ 13.  She contends that a nationwide search "could take several months to accomplish."  She estimates that it could take "tens of thousands of hours" to retrieve the data and would cost over "$35,860 and possibly as much as or than $71,120, to pay an individual or individuals to accomplish this task."  Id.  The Court finds, however, that these estimates do not address the situation before the court.

In her reply brief, Walker contends that:

> [I]nternal correspondence reveals that QuicKarts are not used at the majority of Wal-Mart stores. Wal-Mart has a list of each store, nationwide, which uses the QuicKart devices.  Thus, Wal-Mart only needs to conduct a search of these specific stores, not the 'tens of thousands' of claims referenced in Wal-Mart's corporate affidavit.

*Walker's Reply Brief* at 3.  Johnson's affidavit is silent as to the number of Wal-Mart stores that use QuicKart devices.  It also does not address the burden that would be placed upon Wal-Mart to perform a search limited to these stores.  Based upon Walker's assertions, to which Wal-Mart has not objected, it does not appear unreasonable to require a search of these limited number of stores, nationwide, of which Wal-Mart has a list. Accordingly, the Court finds that it would not be unduly burdensome for Wal-Mart to conduct a search with regard to all stores that use QuicKart devices.  See e.g., Eggleston, 2006 WL 585152, *2.

That being said, however, the Court finds that Walker's

-12-

request is overly broad in time. See id. at *1. The Court will require only that Wal-Mart produce information for five years prior to Walker's accident. As stated above, Wal-Mart will not be required to produce any post-accident discovery. The Court also finds that Walker's request for "any or all lawsuits that have been filed against . . . any of the manufacturers, designers and/or producers" of the QuicKart device is overly burdensome to Wal-Mart because it has no obligation to obtain information from other entities. See *Walker's Brief* at Ex. 1, pg. 5 (Interrogatory No. 4). The burden to Wal-Mart outweighs any benefit this information would produce for Walker.

Accordingly, based on the foregoing, Wal-Mart is directed to produce discovery for any and all lawsuits involving the QuicKart device for five years prior to the accident in question, for all Wal-Mart stores, nationwide, that use QuicKart devices.

### 3. Attorney's Fees

Walker also requests that if the Court grants her motion that it also award her attorney's fees and costs associated with bringing the motion. *Walker's Brief* at 9-11. She argues that "Wal-Mart's own track record of discovery non-compliance is all too well known among the courts." Id. at 10. Walker contends that Wal-Mart is operating under "misguided attitudes" regarding discovery, and because of these beliefs, the Court and Walker have been forced to "waste time" on the motion. Id. at 10-11.

Wal-Mart responds by arguing that the standard the Court is to apply is not to be based on past conduct. *Wal-Mart's Response Brief* at 15. It contends that its objections to Walker's discovery requests were substantially justified and the circumstances surrounding this dispute do not make an award of expenses just. Id. Wal-Mart asserts that its objections are justified because "reasonable people could differ on the appropriateness of the discovery request and Wal-Mart's objection and response." Id. at 16.

Rule 37(a)(4)(A) provides that if a motion to compel is granted,

> [T]he court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]

Fed. R. Civ. P. 37(a)(4)(A). According to the Supreme Court, a party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. Pierce v. Underwood, 487 U.S. 552, 565 (1988). "A party's actions are substantially justified if the issue presented is one that 'could engender a responsible difference of opinion among conscientious, diligent[,] but reasonable advocates.'" Peterson v. Hantman, 227 F.R.D. 13, 15 (D. D.C. 2005) (quotation omitted).

-14-

The Court finds that Wal-Mart has satisfied its burden. Wal-Mart's objections to Walker's discovery requests were not so unjustified as to warrant imposition of costs. See Vollert v. Summa Corp., 389 F.Supp. 1348, 1352 (D. Haw. 1975) (holding that where defendant had not acted in bad faith in failing to answer interrogatories or that its objections were without foundation, award to plaintiff for costs and attorney fees was not justified); see also Johnson v. W.H. Stewart Co., 75 F.R.D. 541, 543 (D. Ok. 1976) (denying request for attorney fees and costs because the court found some merit in defendant's objections to the interrogatories). In this case, the requested discovery presented a "genuine dispute." Wal-Mart's objections were justified because reasonable people could differ on the appropriateness of Walker's discovery requests and Wal-Mart's objections and responses thereto.

The Court finds that the parties took legitimate positions on the motion, and because the Court has granted the motion in part and denied it in part, each party shall bear its own costs incurred in bringing and prosecuting the motion. See Pulsecard, Inc. v. Discover Card Services Inc., 168 F.R.D. 295, 311 (D. Kan. 1996) (finding that where the court sustained in part and overruled in part plaintiff's motions to compel discovery, justice required that each party be responsible for its own costs incurred on such motions).

**B.   WAL-MART'S MOTION FOR PROTECTIVE ORDER**

In light of the Court's decision above, the Court will grant in part and deny in part Wal-Mart's motion for protective order.

## IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

(1)  Plaintiff's Amended Motion to Compel (*Court's Doc. No. 26*) is **GRANTED in part** and **DENIED in part.**

(a) Wal-Mart is directed to produce discovery for any and all lawsuits involving QuicKart devices for five years prior to the accident in question, for all Wal-Mart stores, nationwide, that use QuicKart devices.

(b) Each party shall bear its own fees and costs.

(2) The Court will **GRANT in part** and **DENY in part** Wal-Mart's Motion for Protective Order (*Court's Doc. No. 33*) consistent with its Order herein on Walker's Motion to Compel.

DONE and DATED this 2nd day of April, 2007.

/S/ Carolyn S. Ostby  
Carolyn S. Ostby  
United States Magistrate Judge